Alan Steven Wolf, Bar No. 94665
Daniel K. Fujimoto, Bar No. 158575
THE WOLF FIRM
A Law Corporation
2955 Main Street, Second Floor
Irvine, CA 92614
Telephone: (949) 720-9200
Facsimile: (949) 608-0128

Attorneys for Creditor, Navy Federal Credit Union

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

| In re: | Bankruptcy No. 10-52795 ASW |
|---|---|
| Michael E. Briggs aka Michael G. Briggs, | Chapter 13 |
| Debtor, | OBJECTION TO CONFIRMATION OF DEBTOR'S CHAPTER 13 PLAN |
| | Pre-Hearing Conf. Date: September 13, 2010:<br>Pre-Hearing Conf. Time: 2:00 p.m.<br>U.S. Bankruptcy Court<br>280 S. 1st Street, Room 3020, San Jose, CA |

Secured Creditor Navy Federal Credit Union ("Navy") objects to confirmation of Debtor's Chapter 13 Plan, and sets forth as follows:

1. Navy is the holder of a home equity line of credit dated April 10, 2000 with an original credit limit in the amount of $75,000.00 executed by Kathy M. Briggs and Debtor Michael G. Briggs (the "Note.")

2. The Note is secured by a first position deed of trust (the "Deed of Trust") recorded against the Debtor's principal residence located at 6110 Heathercreek Way, San Jose, CA 95123 (the "Property.")

3. The Debtor's Chapter 13 Plan proposes in paragraph 7 that:

"7. The Debtor(s) further propose pursuant to 11 USC §1322(b):
    Special Intentions:
    Navy Federal Credit Union: Debtor(s) intend to avoid lien.
    Navy Federal Credit Union: Debtor(s) intend to avoid lien."

4. Under <u>Nobelman v. American Sav. Bank</u> (1993) 508 U.S. 324, 332, 11 U.S.C. §1322(b)(2) prohibits a Chapter 13 debtor from modifying a claim secured only by a lien on the debtor's principal residence.

5. The Ninth Circuit Bankruptcy Appellate Panel has held that the Nobleman decision does not apply to holders of totally unsecured claims. <u>Lam v. Investors Thrift (In re Lam)</u> (9th Cir. B.A.P. 1997) 211 B.R. 36, 41. Thus, if there is even $1 of equity, a debtor may not "strip off" a lender's lien secured only by a lien on the debtor's principal residence.

6. However, before such a lien may be "stripped off," the Debtor must establish pursuant to 11 U.S.C. §506(a) that the creditor's lien is wholly unsecured:

> "In summary, a chapter 13 debtor may, in his plan or in a separate (and usually preconfirmation) motion, seek to strip off a creditor's wholly unsecured lien through a valuation process under § 506(a) and Rules 3012 and 9014. An adversary proceeding is not required by Rule 7001 (2) unless that debtor otherwise contests the validity, extent or priority of the creditor's lien. However, the nature and substance of the request to so treat the creditor's claim and lien must be clearly and conspicuously identified and explained in the plan or motion. Service of the motion, or of the plan if the motion is subjoined, must be made on that creditor as required by Rule 7004."

<u>In re Millspaugh</u> (Bankr. Idaho 2003) 302 B.R. 90, 103-104.

7. However, nothing in Debtor's plan "clearly and conspicuously" indicates that the value of the property will be determined at the confirmation hearing. Nor is there any indication that the Debtor served the Plan upon the affected creditor in compliance with Bankruptcy Rule 7004:

> "[W]henever a chapter 13 plan proposes to strip off a lien, the treatment must be clearly and conspicuously stated in the plan. Moreover, it is not enough to serve just the plan on the affected creditors. The debtor must serve each affected creditor with the chapter 13 plan and a notice of the valuation hearing (either separately or conjoined with the notice of confirmation hearing), in compliance with Rule 7004. The notice must clearly and conspicuously set forth the proposed treatment to value the collateral and strip off the lien, and the time and date of the hearing along with the deadline to object. It must be clear that the failure to object will be deemed consent to the valuation of the collateral as stated in the plan. <u>Millspaugh</u>, 302 B.R. at 102. The ultimate responsibility of proper drafting and proving notice was properly given and that the relief is warranted, is on the debtor."

<u>In re Pereira</u> (Bankr. S.D. Cal. 2008) 394 B.R. 501, 506-507.

8. More importantly, Navy's lien is wholly secured as a first deed of trust against the Property. According to Debtor's Schedule A, the value of the Property is $480,000.00.

2
Case: 10-52795   Doc# 46   Filed: 07/22/10   Entered: 07/22/10 17:52:29   Page 2 of 3
Navy's Objection to Confirmation of Chapter 13 Plan

On April 2, 2010, Navy filed a proof of claim in the amount of $72,666.06. Thus Navy's claim is wholly secured.

9. Debtor asserts in his Schedule D that Aurora Loan Services holds the first deed of trust, and Navy holds the second deed of trust. However, this is incorrect. Navy's deed of trust recorded on April 10, 2000, and has never been reconveyed or subordinated. Aurora's deed of trust recorded on January 31, 2006, and is thus junior to Navy's deed of trust.

10. As Navy's loan is wholly secured and therefore cannot be "stripped off," Debtor's Chapter 13 Plan cannot be confirmed.

For all of the above reasons, Creditor respectfully requests that the Court deny confirmation of Debtor's Chapter 13 plan.

Dated: July 22, 2010

Respectfully submitted,

THE WOLF FIRM

By: /s/ Alan Steven Wolf
ALAN STEVEN WOLF
Attorneys for Creditor, Navy Federal Credit Union